UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEXT GENERATION CAPITAL LLC, DBA NEXT GENERATION CAPITAL II, LLC,<br><br>           Plaintiff,<br><br>   v.<br><br>CHRIS SCOTT AND DOES 1 TO 10, INCLUSIVE<br><br>           Defendants. | No. 2:16-cv-01863-TLN-AC<br><br>SUA SPONTE REMAND ORDER |

This matter is before the Court pursuant to Defendant Chris Scott's ("Defendant") Notice of Removal and Motion to Proceed in Forma Pauperis. (ECF Nos. 1–2.) For the reasons set forth below, Defendant's Motion to Proceed in Forma Pauperis is GRANTED. The Court hereby remands the action to the Superior Court of California, County of Sacramento, due to lack of subject-matter jurisdiction.

**I.   FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On or about June 21, 2016, Plaintiff Next Generation LLC dba Next Generation Capital II, LLC ("Plaintiff") brought an action against Defendant for possession of the real property known as 3804 Norris Ave., Sacramento, CA, 95821 ("the Property"). (Notice of Removal, ECF No. 1

1

at 6.) The complaint alleges that Plaintiff's predecessor in interest purchased the Property on or about November 2, 2015. (ECF No. 1 at 7.) Plaintiff asserts that Defendant is the former owner of the Property and alleges that Defendant was served with a Notice to Quit on June 17, 2016. (ECF No. 1 at 7.) Plaintiff asserts that Defendant remains in possession of the property after expiration of the Notice to Quit. (ECF No. 1 at 8.)

## II.     STANDARD OF LAW

28 U.S.C. § 1441 permits the removal to federal court of any civil action over which "the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Under 28 U.S.C. § 1443(1), removal of an action to federal court is also permitted where the pending action is "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof." 28 U.S.C. § 1443(1). "Removal is proper only if the court could have exercised jurisdiction over the action had it originally been filed in federal court." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

Courts "strictly construe the removal statute against removal jurisdiction," and "the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam). Furthermore, "[i]f the district court at any time determines that it lacks subject matter jurisdiction over the removed action, it must remedy the improvident grant of removal by remanding the action to state court." *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838, as amended, 387 F.3d 966 (9th Cir. 2004), cert. denied 544 U.S. 974 (2005).

## III.    ANALYSIS

Defendant removed this case to this Court under 28 U.S.C. § 1441. (ECF No. 1 at 2.) 28 U.S.C. § 1441 provides two paths to removal: 1) federal question jurisdiction under 28 U.S.C. § 1331; and 2) diversity jurisdiction under 28 U.S.C. § 1332. Defendant's removal action does not specify on which grounds he seeks removal under 28 U.S.C. § 1441. However, Defendant's briefing provides no legal argument in support of removal under either federal question or diversity grounds and the Court finds no basis under which to exercise its jurisdiction.

With respect to federal question jurisdiction under 28 U.S.C. § 1331, the complaint itself contains only a single claim for unlawful detainer. (ECF No. 1 at 5–8.) Defendant fails to identify any federal law under which the action was brought. In fact, Defendant's removal notice refers only to a California law – California Code of Civil Procedure § 1161(2). (ECF No. 1 at 2.) Under the well-pleaded complaint rule, "federal [question] jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar*, 482 U.S. at 386. The instant complaint relies solely on California state law and does not mention expressly or impliedly any federal law or statute. The well-pleaded complaint rule makes the plaintiff the master of his claim, so he may avoid federal jurisdiction by basing his claim exclusively on state law, as is the case here. *Caterpillar*, 482 U.S. at 392.

Removal under diversity jurisdiction, 28 U.S.C. § 1332, requires that the parties be citizens of different states and that the amount in controversy exceeds the sum or value of $75,000. 28 U.S.C. § 1332. Defendant has failed to show by a preponderance of the evidence that the amount in controversy has been met. *Abrego Abrego v. The Dow Chem. Co*., 443 F.3d 676, 683 (9th Cir. 2006) ("[T]he removing defendant has always borne the burden of establishing federal jurisdiction, including any applicable amount in controversy requirement."). Moreover, Defendant has similarly failed to make any argument to indicate that his state citizenship is diverse from Plaintiff. *Id*. Therefore, the Court cannot find a basis for removal under diversity jurisdiction.

"The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus*, 980 F.2d at 566. For the reasons stated, Defendant has failed to demonstrate that this Court has subject matter jurisdiction to hear this action. Therefore, it is appropriate to remand this case, *sua sponte*, for lack of federal jurisdiction. *See United Investors Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 967 (9th Cir. 2004) ("the district court ha[s] a duty to establish subject matter jurisdiction over the removed action *sua sponte,* whether the parties raised the issue or not.").

/ / /

/ / /

## IV. CONCLUSION

Thus for the reasons stated above, Defendant's motion to proceed in forma pauperis (ECF No. 2) is GRANTED, and the Court hereby remands this action to the Superior Court of California, County of Sacramento.

IT IS SO ORDERED.

Dated: August 9, 2016

Troy L. Nunley
United States District Judge